1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

**E-Filed 10/9/2009**

# IN THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA

### SAN JOSE DIVISION

| | |
|---|---|
| J & J SPORTS PRODUCTIONS, INC., | Case Number C 09-1947 JF (RS) |
| Plaintiff, | ORDER[1] GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT |
| v. | |
| JUAN MANUEL MUNOZ aka JUAN M. MUNOZ, individually and dba EL RINCON TAQUERIA dba EL RINCON TAQUERIA #2, | [re:  docket entry nos. 9, 10   ] |
| Defendant. | |

19     On May 4, 2009, Plaintiff J&J Sports Productions, Inc. ("J&J") filed a complaint alleging

20  the following facts:  J&J obtained the exclusive rights to air "Danger Zone:  The Oscar De La

21  Hoya v. Ricardo Mayorga WBC Light Middleweight Championship Fight Program," which was

22  telecast nationwide on Saturday, May 6, 2006.  J&J sublicensed the rights to air the fight to bars,

23  hotels, and other establishments.  Defendant Juan Manuel Munoz ("Munoz") pirated the fight

24  and aired it at two taquerias that he owns.  The complaint asserts claims under the

25  Communications Act of 1934, The Cable & Television Consumer Protection and Competition

26  Act of 1992, and California Business & Professions Code § 17200.

27

28           [1]     This disposition is not designated for publication in the official reports.

1    On June 10, 2009, J&J filed a proof of service indicating that service of process was

2  effected on May 22, 2009.  Munoz did not file a responsive pleading within the time provided by

3  law.  On June 16, 2009, J&J obtained a clerk's entry of default.  On June 24, 2009,  Munoz filed

4  the instant motion to set aside default, as well as an answer to the complaint.  Munoz submits

5  several affidavits in support of the following version of events:

6    Munoz was served with the summons and complaint on May 22, 2009, but did not

7  understand that he was being served with a lawsuit.  Munoz notified defense counsel, Renee

8  Yvonne Gardner ("Gardner"), that he had received a "letter" regarding this case.  Gardner asked

9  Munoz to deliver the letter to her assistant, Mike Wess ("Wess").  Munoz did so, but Wess

10  placed the document in a file and did not tell Gardner that it had arrived.  On June 17, 2009,

11  Munoz delivered to Wess a "Request to Enter Default" bearing a file stamp indicating that

12  default had been entered.  Wess showed it to Gardner, at which point Gardner first became aware

13  of the "letter" (the summons and complaint) that Munoz had delivered previously.

14    Gardner immediately called J&J's counsel, Thomas Riley ("Riley"), but was told that

15  Riley would not speak with her on the telephone without an appointment.  Gardner made an

16  appointment for June 18, 2009, at which time she asked Riley to set aside the default and permit

17  Munoz to answer.  Riley refused.  Gardner filed the instant motion to set aside default shortly

18  thereafter, on June 24, 2009.  The case initially was assigned to Magistrate Judge Seeborg.  When

19  J&J declined to consent to have the case heard by a magistrate judge, the case was transferred to

20  the undersigned judge.

21    Defendant's motion is governed by Federal Rule of Civil Procedure 55(c), providing that

22  "[t]he court may set aside an entry of default for good cause, and it may set aside a default

23  judgment under Rule 60(b)."  A good cause analysis under Rule 55(c) requires consideration of

24  three factors:  (1) whether the defendant engaged in culpable conduct that led to the default; (2)

25  whether the defendant had a meritorious defense; and (3) whether reopening the default judgment

26  would prejudice the plaintiff.  *Franchise Holding II, LLC. v. Huntington Restaurants Group,*

27  *Inc.* 375 F.3d 922, 925-926 (9th Cir. 2004).  These factors are disjunctive – thus the Court may

28  deny the motion if any of the three factors exists.  *Id.*

Case No. C 09-1947 JF (RS)
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT
(JFLC2)

1    Clearly, Munoz's failure to file a timely answer was the result of a clerical error on the

2 part of Gardner's support staff and was not the result of any culpable conduct of Munoz.  Munoz

3 has filed an answer denying that he aired the fight; if proved, this would be a meritorious

4 defense.  The Court fails to perceive how setting aside the default would prejudice J&J given

5 Gardner's promptness in contacting Riley and filing the instant motion once Gardner became

6 aware of the entry of default.  J&J cites a number of authorities establishing that the Court could

7 deny the motion in the exercise of its discretion, and the Court agrees that it could do so.

8 However, based upon the record presented, the Court concludes that good cause exists to set

9 aside the clerk's entry of default.

## ORDER

11    (1)    For good cause shown, the Court hereby sets aside the clerk's entry of default

12           dated June 16, 2009.

13    (2)    A Case Management Conference is set for December 18, 2009 at 10:30 a.m.

16 DATED:   October 9, 2009

_____
JEREMY FOGEL
United States District Judge

3

1   Copies of Order served on:

2

3   Paul Anthony Noboa      noboalaw@yahoo.com

4   Renee Yvonne Gardner       noboalaw@yahoo.com

5   Thomas Peter Riley       tprlaw@att.ner, tprsf@att.net, tprusa@att.net

6   Thomas Peter Riley       tprlaw@att.net

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. C 09-1947 JF (RS)
ORDER GRANTING DEFENDANT'S MOTION TO SET ASIDE DEFAULT
(JFLC2)